**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4045-18T1

NAFIS KEDAR,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 4, 2020 – Decided June 18, 2020

Before Judges Alvarez and Suter.

On appeal from the New Jersey Department of Corrections.

Nafis Kedar, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Shuster, Assistant Attorney General, of counsel; Kimberly Gail Williams, Deputy Attorney General, on the brief).

PER CURIAM

Nafis Kedar, an inmate at Northern State Prison, appeals from an April 11, 2019 Department of Corrections (DOC) final administrative decision adjudicating him guilty of prohibited act *.252, encouraging others to riot; *.306, conduct disrupting or interfering with the security or orderly running of the correctional facility; and *.256, refusing to obey an order of any staff member, all in violation of N.J.A.C. 10A:4-4.1(a). We affirm, concluding that Kedar's arguments on appeal are so lacking in merit as to not warrant discussion in a written decision. R. 2:11-3(e)(1)(E).

Kedar was present, along with others, when an inmate assaulted an officer on April 8, 2019. That officer called out for everyone to lie down on the floor.

Kedar, along with at least one other inmate, remained on his feet, yelling. The incident was captured on film, and reviewed the following day by two other prison officers. Kedar was served with disciplinary charges the following day. He was assigned counsel substitute.

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corrs., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas

Co., 35 N.J. 358, 376 (1961)).  Such evidence must furnish a reasonable basis for the agency's action.  Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

Furthermore, an inmate is not entitled to the full panoply of rights in a disciplinary proceeding ordinarily extended to a defendant in a criminal prosecution.  Avant v. Clifford, 67 N.J. 496, 522 (1975).  Prisoners are entitled to written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and reasons for the sanctions imposed; and, where the charges are complex, the assistance of a counsel substitute.  Id. at 525-33; accord Jacobs v. Stevens, 139 N.J. 212 (1995); McDonald v. Pinchak, 139 N.J. 188 (1995).

We do not address the merits of Kedar's first two points of error because they simply express his disagreement with the conclusion the hearing officer and the prison administrator reached after reviewing the evidence.  That evidence included a video.  Kedar was afforded the opportunity to refute the evidence; whatever the reason, he chose not to do so.  Thus, the finding of guilt,

3

given the unrefuted report of the officer present and the video of the incident was based upon substantial evidence.

Kedar's third point is that sanctions he received involved "more time" than the sanctions imposed on others involved in the incident. As to that claim, nothing in the record supports this new ground for appeal.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4045-18T1